ALFSON, Respondent, v. MANHATTAN OIL & LINSEED COMPANY, Appellant.

(176 N. W. 30.)

(File No. 4617.   Opinion filed January 30, 1920.)

**Negligence—Recovery for Burning Garage—Spilling of Gasoline on Delivery, Cigar Smoking by Agent Delivering, Whether Negligence, Sufficiency of Evidence.**

In a suit by owner of a garage against a concern engaged in sale and delivery of gasoline, for loss by fire of the garage; it appearing that defendant's agent in delivering gasoline to plaintiff at the garage spilled a large quantity thereof and

permitted same to run upon ground and floor under the gaso-
line wagon and the garage, that while measuring and removing
the gasoline at the time he was smoking a cigar, there was a
strong wind blowing, that in some manner the gasoline became
ignited and consumed the garage and contents, said agent being
the only person in the immediate place where the gasoline was
spilled at time the fire started, held, there being some conflict
in the testimony, that whether or not the alleged negligence
of the agent caused the fire was a question of fact for the
jury, the question of negligence having been fairly submitted
by court's instructions; the spilling of the gasoline and per-
mitting same to run as stated might itself have been very
negligent, and the direct cause of the fire, regardless of what
did in fact cause the ignition; and verdict for plaintiff should
stand.

Appeal from Circuit Court, Davison County. Hon. FRANK
B. SMITH, Judge.

Action by D. A. Alfson against the Manhattan Oil & Lin-
seed Company, a corporation, to recover damages for alleged
negligence of defendant in causing a fire which consumed
plaintiff's garage and contents. From a judgment for plaintiff,
and from an order denying a new trial, defendant appeals.
Affirmed.

*H. G. Giddings,* for Appellant.

*T. J. Spangler,* for Respondent.

McCOY, P. J. This action was instituted to recover dam-
ages for alleged negligence on the part of an agent of defendant
in causing a fire to consume a certain building and contents,
the property of plaintiff. There was verdict and judgment in
favor of plaintiff, from which defendant appeals.

The vital question presented is whether or not the evidence
submitted was sufficient to warrant the verdict that the negli-
gence of defendant's agent was the cause of the fire. The evi-
dence tended to show that respondent was the owner of an
automobile garage and repair shop at the town of Ethan; that
at the time in question said agent drove appellant's oil wagon,
containing gasoline, to said garage for the purpose of supplying
respondent with gasoline; that in delivering said gasoline said
agent spilled a large quantity thereof and permitted the same
to run upon the ground and floor under said wagon and garage,
and that in some manner said gasoline became ignited and con-
sumed said garage and contents; that the said agent was the

only person in the immediate place where said gasoline was spiling of the gasoline. The question of negligence was fairly was measuring and removing said gasoline from said wagon and at the time he spilled said gasoline he was smoking a cigar; and that there was then and there a strong wind blowing. There was some conflict in the testimony. Whether or not the alleged negligence of said agent caused said fire was purely a question of fact for the determination of the jury. The jury heard all the witnesses and observed their demeanor when testifying. We cannot say as a matter of law that the facts were insufficient to justify the verdict. The spilling of such quantity of gasoline and permitting the same to run over the floor of the garage, of itself, might have been very negligent, and the direct cause of the fire, regardless of what did in fact cause the ignition. There is but little conflict, if any, in regard to the spilled at the time the fire started; that at the said time said agent submitted by the instructions of the court. All assignments of error have been carefully considered.

Finding no error in the record, the judgment and order appealed from are affirmed.